UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL CONCEICAO,** | Civ. No. 14-5146 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **NATIONAL WATER MAIN CLEANING CO.**, *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Daniel Conceicao filed this action against Defendants National Water Main Cleaning Company ("NWMCC") and Carylon Corporation ("Carylon") alleging unlawful wage payment practices. This matter comes before the Court on NWMCC's motion to dismiss Plaintiff's claims, pursuant to Fed. R. Civ. P. 12(b)(6), in light of the court-approved settlement in *Mulroy v. National Water Main Cleaning Co.*, No. 12-3669, 2014 WL 7051778, at *1 (D.N.J. Dec. 12, 2014). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons below, Defendant's motion is **GRANTED**.

I.   BACKGROUND

Between April 9, 2005 and the week of November 5, 2011, Plaintiff worked for NWMCC, which provides catch basin and sewer cleaning, inspection, and maintenance services. Defendant Carylon is NWMCC's parent company. *See* Letter dated June 24, 2015, ECF No. 14. In the instant case, he claims that Defendants' payment practices violated the New Jersey Prevailing Wage Act, the Fair Labor Standard Act, the Davis-Bacon Act, and the Service Contract Act.

Plaintiff filed this action while participating in *Mulroy*, a state-law wage and hour class action. That lawsuit similarly alleged that NWMCC's payment practices violated the New Jersey Prevailing Wage Act and New Jersey Wage and Hour

Law. *Mulroy*, 2014 WL 7051778 at *1. The *Mulroy* litigation was filed on May 2012, and ended when the parties reached a class-wide settlement in January 2014. Plaintiff received notice of the proposed settlement, which included an explanation of his right to opt-out or object. On June 2, 2014, he chose to object. *Id.* at *3. Then, on August 18, 2014, Plaintiff filed the instant action.

On October 23, 2014, Judge Falk held a fairness hearing, during which the parties presented arguments regarding whether the Court should consider Plaintiff's ambiguous objection a request to opt-out. *Id.* On December 12, 2014, Judge Falk ruled that Plaintiff's objection could not simultaneously function as an opt-out request, and responded to each of Plaintiff's objections to the settlement agreement. *Id.* at *6-7 n.3. Judge Falk then issued a final settlement approval order pursuant to Fed. R. Civ. P. 23(e), finding the settlement to be fair, reasonable, and adequate. *Id.* at 2.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility."  *Id*.

## III. DISCUSSION

Res judicata, also known as claim preclusion, bars plaintiffs from bringing claims that they or their representatives brought, or could have brought, in a previously settled litigation. The party raising this affirmative defense bears the burden of showing that the doctrine applies. *United States v. Athlone Industries, Inc.,* 746 F.2d 977, 983 (3d Cir. 1984). Res judicata applies where the prior suit (1) ended in a final judgment on the merits; (2) involved the same parties or their privies, and (3) was based on the same causes of action. *Id*.

When asking whether two causes of action are the same, the Court considers whether the Plaintiff (1) complains of the same wrongs and demands the same relief; (2) brings the same theory of recovery; (3) would call the same witnesses and bring the same documents at trial; and, (4) alleges the same material facts. *Id.* at 984. "Claim preclusion ... prohibits reexamination not only of matters actually decided in a prior case, but also those that parties might have, but did not, assert in that action." *Edmundson v. Borough of Kennett Square,* 4 F.3d 186, 189 (3d Cir. 1993). In other words, a new legal theory "does not make the second case different for purposes of claim preclusion." *Jones v. Lapina,* 450 F. Appx. 105, 108–09 (3d Cir. 2011).

"It is well-settled that under the doctrine of res judicata, 'a judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action.'" *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.,* 525 Fed. Appx. 94, 99 (3d Cir. 2013) (quoting *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001)). And, judicial approvals of settlement agreements are considered final judgments on the merits for the purposes of claim preclusion. *Toscano v. Conn. Gen. Life Ins. Co.,* 288 Fed. Appx. 36, 38 (3d Cir. 2008). The Court must principally ask whether the factual predicate for future claims is the same as the factual predicate underlying the settlement agreement. *Freeman v. MML Bay State Life Ins. Co.,* 445 Fed. Appx. 577, 579 (3d Cir. 2011).

Here, res judicata applies to all claims that Plaintiff raises in his August 18, 2014 Complaint. First, Judge Falk's order approving the settlement agreement constitutes a final judgment on the merits for the purposes of claim preclusion. *See Toscano*, 288 Fed. Appx. at 38. Courts facing negotiated settlement agreements

that they determine to be fair, reasonable and adequate, have a duty to enter that settlement and its release as judgment. *Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1557 (3d Cir. 1994). The terms of the settlement agreement's release provisions define the preclusive effect of that judgment. *See Gotthelf,* 525 Fed. Appx. at 13. Thus, Plaintiff has released, and already received judgment on all "claims pursuant to N.J.S.A. 34:11-56a et seq. and N.J.S.A. 34:11-56.25 et seq., the Fair Labor Standards Act, the Davis-Bacon and Related Acts, the Service Contract Act, claims under ERISA or RICO related to wages or hours of work . . . and all claims that were asserted or could have been asserted in [*Mulroy*]." Conceicao Objection to *Mulroy* Settlement ("Objection") at 9, available at D.N.J. Case No. 12-3669, ECF No. 43.[1]

Second, the previous suit included these same parties. Plaintiff Conceicao received notice of the settlement, which carefully detailed his options to object or opt-out. He did not opt-out. *See Mulroy,* 2014 WL 7051778 at *6 (finding that Plaintiff's objection could not also function as an opt-out request, despite his ambiguous language). He thus remained a class member bound by the settlement. Both Defendants were also among the parties released by the settlement agreement. *See* Letter dated June 24, 2015.

Third, the *Mulroy* case was based on the same causes of action. Plaintiff brings this action under the New Jersey Prevailing Wage Act, Fair Labor Standard Act, Davis-Bacon Act, and the McNamara Service Contract Act. His class in *Mulroy* brought their claims under the New Jersey Prevailing Wage Act and the New Jersey Wage and Hour law. And in the settlement agreement, the class expressly released these claims and all other claims based on the laws that Plaintiff now cites in his Complaint. Further, all *Athlone* factors lead to the conclusion that the causes of action here are identical here to those in *Mulroy*. <u>First</u>, Plaintiff bases his Complaint off of allegations of the same wrongful wage practices considered in *Mulroy*. He also demands the same relief as he did in his objection to the Mulroy

---

[1] "…all Settlement Class Members who do not submit a valid Request for Exclusion shall be deemed to… unconditionally release, remise and discharge the Related Parties from any and all suits…based on putative violations of any federal, state or local law pertaining to hours of work, payment of wages, benefits, or retaliation related to wages or hours of work, including without limitation claims for minimum wages, prevailing wages or overtime; claims pursuant to N.J.S.A. 34:11-56a et seq. and N.J.S.A. 34:11-56.25 et seq., the Fair Labor Standards Act, the Davis-Bacon and Related Acts, the Service Contract Act, claims under ERISA or RICO related to wages or hours of work. . . and all claims that were asserted or could have been asserted in the Action regarding events that occurred or are alleged to have occurred from the beginning of time through the Effective Date [except for certain claims asserted in a separate, ongoing lawsuit in the District of Massachusetts]."

settlement. *Compare* Objection at 3 *with* Resp. at 9, ECF No. 9.² <u>Second</u>, the theory of recovery is the same. Both complaints allege that the same Defendants unlawfully withheld wages and owed compensation for transportation between jobs. Plaintiff also seeks to rehash another issue that he raised in his objection, arguing that Defendants violated the wage and hour laws by deducting money to pay for various benefits. Judge Falk considered this argument and upheld the legality of this standard industry practice. *See Mulroy,* 2014 WL 7051778 at *6. <u>Third</u>, the witnesses and documents at trial would be the same. In fact, Plaintiff has submitted documents in support of this action that he already submitted with his objection to the settlement agreement. *Compare* Objection *with* Resp. <u>Fourth</u>, the material facts here are exactly the same as those in *Mulroy*. Thus, in *Mulroy*, Judge Falk has already considered and resolved each cognizable point that Plaintiff raises here.

Finally, to the extent that Plaintiff attempts to bring claims also based on alleged violations occurring a year earlier than the dates defining the settlement classes, the settlement agreement bars those claims as well. As a member of the class, Plaintiff forfeited "all claims that…could have been asserted in the Action regarding events that occurred or are alleged to have occurred from the beginning of time to the Effective Date [December 12, 2014]." Objection at 9. Likewise, res judicata "prohibits reexamination not only of matters actually decided in a prior case, but also those that parties might have, but did not, assert in that action." *Edmundson*, 4 F.3d at 189. In Plaintiff's objection to the *Mulroy* settlement, he demanded payment for lost wages dating back to May 4, 2006. He could have demanded payment for wages dating back to April 9, 2005 just as easily. Furthermore, his objection contains no mention of any inadequacy of the dates on which the parties based the settlement's calculations.

The Court thus finds that res judicata bars Plaintiff from bringing the claims stated in the instant Complaint. The Court accordingly dismisses Plaintiff's claims with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order accompanies this opinion.

---

² In fact, Plaintiff files almost exactly the same "Remedies" document, except for the presently inconsequential omission of a moral argument.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 26, 2015**